United States District Court
for the District of Massachusetts

---

Daniel Baocicault Jr.
(Petitioner)

V.

Commonwealth

Civil Action

No_____

## Writ

Now comes the petitioner, Daniel Baocicault Jr. Pursuant to 28 U.S.C. § 2255. Urging this Honorable court to Dismiss, strike, or set aside conviction based upon unconstitutional entry of guilty plea in Roxbury District Court docket # 0002CR005963. Substantial grounds for petitioner's petition are set out fully in attached affidavit, which hereby made to be part of this motion.

## Jurisdiction

This Honorable court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255. Petitioner is in custody for an act done or committed in pursuance

Page 1 of 6

of an act of congress. And such custody is in violation of the Constitution and laws treaties of the United States.

## Facts

On June 13, 2001. Petitioner pled guilty to an assault and battery. Petitioner's plea was a combination of two factors; (1) Petitioner was coerced by his defense counsel. (2) Petitioner was already serving a sentence for unrelated offense and so the incentive was there to take a concurrent sentence. Which was a violation of Fifth, Sixth and Fourteenth Amendments of the Constitution of the United States of America. Petitioner asserts that prosecution and his defense counsel withheld exculpatory evidence 5½ months prior to the guilty plea. Defense attorney had sufficient time to prepare defense, he failed to do so.

## Legal Arguement

Petitioner asserts that his defense counsel representation did not satisfy the Sixth Amendment Standard of Effective assistance of counsel. The right to counsel is the right to the Effective assistance of counsel. In Massachusetts ineffective assistance of Counsel is determing when the behavior of counsel falls measurably below which might be expected from an ordinarily fallible lawyer, and whether that

behavior has likely deprived the defendant of an otherwise available, substantial ground for defense. See Commonwealth v. Saferian 366 MASS. 89, 96 (1974, Com v. Duquette 386 MASS. 834, 845-46, 438 N.E. 2d 334, 342-43 (1982) Com v. Lewis, 399 MASS. 761, 506 N.E. 2d 891 (1987). Such a situation would occur, for example when an attorney neglects to raise the issue of a police failure to advise a defendant of his Miranda rights. Here we have the failure to investigate the only defense the defendant has, failure to interview a potential trial character witness, meet with him for a sufficient period of time to develop a defense or investigate the complaint's background, and absenting himself from crucial piece of exculpatory evidence. As a result the defense counsel deprived the petitioner from the benifit of trial by jury. Which is guaranteed by the Constitution of the United States. Constituded to no representation at all. In violation of the Sixth Amendment.

 Eventhough there may have been sufficient evidence, which there was no evidence. Apart from coerced confession, to support a judgment of conviction, the admission in evidence, over objection, of coerced confession vititates judgment because it violate due process clause of fourteeth Amendment.

 Petitioner says futher during the preliminary hearings leading up to the plea, the prosecution never introduced any witness(es) and there was no probative evidence linking Mr. Baucicault to the crime

behavior has likely deprived the defendant of an otherwise available, substantial ground for defense. See <u>Commonwealth v. Saferian 366 MASS. 89, 96 (1974, Com v. Duquette 386 MASS. 834, 845-46, 438 N.E. 2d 334, 342-43 (1982) Com v. Lewis, 399 MASS. 761, 506 N.E. 2d 891 (1987)</u>. Such a situation would occur, for example when an attorney neglects to raise the issue of a police failure to advise a defendant of his Miranda rights. Here we have the failure to investigate the only defense the defendant has, failure to interview a potential trial character witness, meet with him for a sufficient period of time to develop a defense or investigate the complaint's background, and absenting himself from crucial piece of exculpatory evidence. As a result the defense counsel deprived the petitioner from the benifit of trial by jury. Which is guaranteed by the Constitution of the United States. Constituded to no representation at all. In violation of the Sixth Amendment.

 Eventhough there may have been sufficient evidence, which there was no evidence. Apart from coerced confession, to support a judgment of conviction, the admission in evidence, over objection, of coerced confession vititates judgment because it violate due process clause of fourteeth Amendment.

 Petitioner says futher during the preliminary hearings leading up to the plea, the prosecution never introduced any witness(es) and there was no probative evidence linking Mr. Baucicault to the crime

besides her allegation to the police, which she later recanted. (See enclosed documents)

According to petitioner's defense counsel " we don't have enough evidence to go to trial and the judge is going to find you guilty regardless because you're Black, and he will sentence you to two and half years on and after. So my best advice to you is you plead guilty to a concurrent sentence". Which was in violation of the safeguards of the Sixth Amendment of the United States Constitution.

The petitioner had no knowledge of the criminal procedure and had no reason not to believe his defense counsel. The petitioner's will was overbone at time that he pled guilty to a crime that was never occured by the petitioner. Petitioner did not voluntarily preserved his constitional rights and his conviction's rested upon inadquate.

This Honorable court should grant him relief because of grave doubt whether conviction could stand if measured against mandate of the due process clause of 14th Amendment to federal constitution U.S.C.A Const. Amendment 14.

Petitioner assert that serious issues as to adequacy of appointed counsel's interest in preparing and conducting defense thereby depriving defendant of Effective Assistance of Counsel. It wodd be in the interest of justice that the defendant's substantial showing

Page 4 of 6

on an issue of Constitutional importance ( the effetive assistance of counsel be heard. see Com v. Stewart, 388 MASS. 253, 257-58, 418 N.E. 2d 1219 (1991)

Eventhough the petitioner had already served his sentence on record providing strong evidence of guilty and retrial would waste time and cause expense, effective assistance of counsel is such an important right that the court is not entitled to assume merely because there was such substantial support for conviction. That defendant was adequately represented by counsel and if on remand, courts find that there such conflict of interest as to prejudice defendant in his defense, conviction must be vacated and tried again. See Morgan v. United States (1968) CA2 Conn 396 F. 2d. 110.

The Petitioner is entitled to hearing regarding conduct of his defense, to determine whether he had recieved advice and effective assistance of counsel sufficient to afford him quality of representation guaranteed by the Sixth Amendment, where it appeared that 5½ months prior to the guilty plea, counsel withold exculpatory evidence from the petitioner and coerced the petitioner into pleading guilty. Petitioner was deprived of Effective Assistance of Counsel, and due process. As it stated in the Morgan Case by the United States Supreme Court," the court must inquire fully into all the circumtances of a defendant's representation

Page 5 of 6

Finally, petitioner unequivocally asserts that he is being held without bail by Department of Homeland Security / Immigration Customs Enforcement (DHS/ICE) as ramification for the plea bargain.

The petitioner prays that:

1. The court affords him counsel to represent him in preparation and presentation of his

2. The court reopen and/or reconsider granting him a new trial in which he and his court appointed counsel may appear and present arguements in support of his

3. The court grant him any other relief that deem necessary.

Respectfully Submitted,

Dated: 12-15-04

Daniel Baucicault Jr.

On this 13 day of December, 2004, before me, the undersigned notary public, personally appeared David Baucicault, proved to me through satisfactory evidence of identification, to be the person whose name is signed on the proceeding or attached document, and who swore or affirmed to me that the contents of the document are truthful and accurate to the best of his knowledge and belief.

Thomas J. Hannon, Notary Public
My commission Expires: May 1 2009

page 6 of 6

United States District Court
For the District of Massachusetts

Daniel Boucicault Jr.
 (Petitioner)

v.

Commonwealth

Civil Action
No _____

<u>Petitioner's Affidavit</u>

The petitioner, according to law being duly sworn, deposes and says that the following is the true and accurate statemen of fact:

1. I am presently being detaing by the (DHS/Ice) at the Plymouth County Correctional Facility.

2. I would like to address the honorable court that I didn't commit the alledge crime. My estranged girlfriend, of whom we have a child together was just upset with me because I had served my ties with her and also refrained myself from my son's obligation altogether out of

Page 1 of 3

Spite She lied to Boston Police officers in order to get back at me.

3. There's no doubt in my mind, that serious errors occured in the conduct of the pre-trial. In violation of my Constitution rights.

4. For the following reasons, I request an opportunity to retract my guilty plea. My attorney informed me that the judge will find me guilty regardless because of my color. And he will sentenced me to a 2 yr on and after. He had also advised me to plead guilty to a concurrent sentence. I was to admit to sufficient facts, and the judge ~~will~~ would enter a guilty finding.

5. I followed my attorney's advice and made the admissions. I was found guilty and sentenced.

6. My attorney never made it clear to me that I I was giving up my right to a trial at which I would be acquited unless the prosecutor proved my guilty beyond a reasonable doubt. He intentional sabotage my case altogether.

Page 2 of 3

7. My will was overborne at the time I pled guilty. I did not voluntarily preserved my Constitutional right.

8. I did not fully understand the consequences of pleading guilty.

Signed under the pains and penalties of perjury.

Dated: 12-15-04





On this 13 day of December, 2004, before me, the undersigned notary public, personally appeared DAVID BAUCICAULT, proved to me through satisfactory evidence of identification, to be the person whose name is signed on the proceeding or attached document, and who swore or affirmed to me that the contents of the document are truthful and accurate to the best of his knowledge and belief.

Thomas J. Hannon, Notary Public
My commission Expires: May 1 2009



*The Commonwealth of Massachusetts*

DISTRICT ATTORNEY OF SUFFOLK COUNTY
RALPH C. MARTIN

Roxbury District Court
85 Warren Street
Roxbury, MA 02119

Telephone (617) 445-8618

FILED
U.S. DISTRICT COURT
DISTRICT OF MASS

1/8/01

Today, January 8, 2001, I spoke with Sabine Petion (DOB 5/2/78) regarding the case of the Commonwealth v Daniel Boucicault (Docket # 00-5963.) Ms. Petion stated to me that she had lied to police officers about this incident. Ms. Petion stated that the alledged defendant, Daniel Boucicault, in this matter was not the man who beat her. Ms. Petion also stated that Mr. Boucicault was not in the area at the time of the attack. Ms. Petion stated that she blatantly lied to Boston Police Officers in order to get back at Mr. Boucicault. Mr. Boucicault is the father of Ms. Petion child + does not aid in the rearing of the child in any manner. Ms. Petion stated that the information in Boston Incident Report #000637856 was false regarding the defendant.

I, Sabine Petion attest that the above statements are a true and accurate account of my conversation with Investigator Peterson

1/8/2001   Date

Respectfully Submitted,
Kenneth Peterson
Criminal Investigator, SCDAO

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.
ROXBURY DISTRICT COURT
DOCKET NO. 0002CR005963

2004 DEC 16 P 4:33

U.S. DISTRICT COURT
DISTRICT OF MASS

COMMONWEALTH

VS.

DANIEL BAUCICAULT

## AFFIDAVIT

1. My name is **SABINE PETION** and I used to live at 76 latimore road, Roxbury, Massachusetts.

2. On November 16, 2000 I was assaulted outside of my home.

3. The person who assaulted me came up from behind and I never really got a good look at the person.

4. When the Police came I did not understand their questions because at that time I did not speak English very well and therefore when they ask me who had done it I gave them a couple of names of people who might have done it.

5. At no time did I ever speak to a District Attorney or testify in court that it was DANIEL BAUCICAULT who did this.

6. At the time of the incident I was upset with Mr. BAUCICAULT because he was not involved with our child's life.

7. I no longer have a relationship with Mr. BAUCICAULT. I now live alone with my child, but I do not want to see him in jail for something I don't believe he did.

signed and sworn to this 21st day of August, 2004.

_x Sabine Petion_
SABINE PETION

Then personally appeared before me the above-name **SABINE PETION** rose and swore that the statements were true to the best of her knowledge and belief.

_____
Notary Public

My Commission Expires: 9/20/2007



(2)