```
            UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS

DANIEL BAUCICAULT, Jr.,          )
                                 )
         Plaintiff,              )
                                 )
     v.                          )  C.A. No. 04-12681-JLT
                                 )
COMMONWEALTH OF MASSACHUSETTS    )
                                 )
         Respondent.             )
```

## MEMORANDUM AND ORDER

For the reasons stated below: 1) the Petitioner shall be given additional time to pay the filing fee or file a completed Application for a waiver of it; 2) the Petitioner shall file an Amended Petition on Form AO-0241; 3) the Petitioner shall name the proper Respondent in this action and the clerk shall change the caption accordingly; and 4) this action shall be treated at this time as a habeas petition pursuant to 28 U.S.C. §2254; if it is determined upon the filing of an Amended Petition that the Petitioner is not in custody pursuant to a state sentence, but is solely in custody as an immigration detainee, this petition shall be converted into a petition pursuant to 28 U.S.C. §2241.

## BACKGROUND

In June 2001 the Petitioner Daniel Baucicault Jr. pled guilty in state court to assault and battery with a dangerous weapon. He was sentenced to and served a term of one year. On December 16, 2004, Petitioner Baucicault, an inmate at

Plymouth County Correctional facility[1], filed his self-prepared Petition for Writ, under 28 U.S.C. §2255 [sic], challenging his state court conviction on a number of grounds, including ineffective assistance of counsel. He also filed an incomplete Application to Proceed *in forma pauperis.*

   This new petition comes on the heels of a decision issued by Judge Woodlock in C.A. 04-11837-DPW in connection with Baucicault's immigration habeas petition pursuant to 28 U.S.C. §2241 in which the Petitioner sought an Emergency Stay of Removal. On October 29, 2004, Judge Woodlock denied petitioner's motion on the grounds, *inter alia*, that an alien cannot challenge his expired state conviction forming the basis for removal, in a habeas proceeding.

   In that proceeding, Petitioner indicated he was "presently taking steps to seek review with the Massachusetts Supreme Judicial Court." (Memorandum of Law in C.A. 04-11837-DPW, page 2). It is unclear what, if any, challenges Baucicault has pending in state court, and thus it is impossible to determine whether Petitioner's failure to

---

[1] It is unclear whether the Petitioner is currently serving a state sentence or whether he is held in custody as an immigration detainee. It appears from C.A. 04-11837-DPW that Baucicault may have been challenging an expired state court conviction, and therefore is being held on the basis of some other conviction or as an immigration detainee. However, in his Application to Proceed *in forma pauperis*, the Petitioner stated he was a "prisoner" but that is not entirely conclusive. This Court attempted to make inquiries to the Department of Correction, but was unable to obtain information as to Petitioner's custodial status.

exhaust state remedies is fatal to the instant petition.

## ANALYSIS

### I. Baucicault Has Not Paid the Filing Fee or Filed a Completed Application to Waive the Fee

A party filing an action in this Court must either (1) pay the filing fee ($150.00 for civil actions; $5 for petitions for writs of habeas corpus); or (2) if he or she lacks sufficient funds to pay the filing fee, submit an application to proceed without prepayment of the filing fee. See 28 U.S.C. §1914(a) (filing fee for civil actions); Fee Schedule for the District of Massachusetts; 28 U.S.C. §1915 (proceedings *in forma pauperis*). For the convenience of litigants, this Court provides a standardized form for applications for waiver of the filing fee. Baucicault did submit the Application to Proceed *in forma pauperis* form, which facially appears to be complete, however, he did not provide any information with respect to his prison account balance, if indeed he has one, and therefore his Application is deemed to be incomplete at this time. However, Baucicault will be granted additional time to either pay the filing fee or submit a fully completed Application to waive the fee, indicating his prison account balance if he has one. If Petitioner is a "prisoner" he shall also be required to submit a certified prison account balance statement for the past six months, or a certification by the prison of his average prison balance for the past six months. See 28 U.S.C. §1915.

II.  <u>Defects in Petition Shall Be Corrected by the Filing of an Amended Habeas Petition by Completion of Form AO-0241</u>

As it stands, Baucicault's petition contains a number of defects and lacks relevant and necessary information for this Court to make a determination on the merits of the petition. This includes essential information regarding Petitioner's underlying conviction, and information of any direct attack or collateral challenge to the petition.

First, Petitioner has named the Commonwealth as the Respondent.  The proper Respondent to a Section 2254 petition is the Petitioner's custodian, which in this case is the Sheriff of Plymouth County, Joseph McDonough.  <u>See</u> Rule 2(a) of Rules Governing Section 2254 Cases; 28 U.S.C. § 2243. Because Petitioner is proceeding *pro se*, the clerk is directed to correct the docket to list Sheriff McDonough as the Respondent, because it will facilitate service. <u>See</u> Fed. R. Civ. P. 8(f) (all pleadings shall be construed to do substantial justice).

Second, Petitioner is also directed to amend his petition pursuant to Rule 2(e) of the Rules Governing Section 2254 cases, to provide the necessary factual information and legal challenges to his conviction.  Petitioner is directed to complete Form A0-0241 (Petition for Writ of Habeas Corpus), which will facilitate this process. The Court will deem the filing of this form as an <u>Amended</u> Petition, and not a separate

4

action.

Finally, although Petitioner describes his pleading as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2255, the Petitioner appears to be raising a collateral attack of a state court conviction.  The proper vehicle for a prisoner serving a sentence under a judgment of a state court to challenge the conviction is through a habeas petition pursuant to 28 U.S.C. §2254 (not §2255).  The Court will deem this case to be a habeas petition under §2254 at this time. However, the Petitioner shall provide information to this Court as to his custodial status (i.e., whether he is a prisoner currently serving a sentence, or whether he is being held in custody solely as an immigration detainee).  Should the Petitioner be solely in custody as an immigration detainee, this petition will be treated as a petition for habeas relief pursuant to 28 U.S.C. §2241 and not §2254[2].

## CONCLUSION

ACCORDINGLY, fore the foregoing reasons, it is hereby

ORDERED:

1. Petitioner shall be given forty-two (42) days to either pay the $5.00 filing fee levied on habeas petitions, or alternatively, he shall file a completed Application to Proceed *in forma pauperis*. If Petitioner is a "prisoner" he shall also be required to submit a certified prison account balance statement for the past six months, or a certification by the prison of his average prison balance

---

[2]The distinction is relevant because there are time limitations to §2254 challenges, see §2263.

    for the past six months.

2. Petitioner shall file, within forty-two(42) days of the date of this Memorandum and Order, a completed Petition for Writ of Habeas Corpus form( Form AO-0241) which shall be treated as an amended petition, naming the proper Respondent and providing the necessary information to frame the factual and legal issues which are not clearly set forth in Petitioner's current filings.

3. The clerk is directed to correct the case caption to correct the docket to reflect the proper Respondent as Joseph McDonough, Sheriff.

4. The clerk is also directed to send both the Application to Proceed *in forma pauperis* form, and the Petition for Writ of Habeas Corpus form to the Petitioner along with this Memorandum and Order.

5. The Court will deem this case to be a habeas petition under §2254 at this time. However, the Petitioner shall provide information to this Court as to his custodial status (i.e., whether he is a prisoner currently serving a sentence, or whether he is being held in custody solely as an immigration detainee). Should the Petitioner be solely in custody as an immigration detainee, this petition will be treated as a petition for habeas relief pursuant to 28 U.S.C. §2241 and not §2254.

SO ORDERED.

January 6, 2005                                       Joseph L. Tauro
ATE                                                  JOSEPH L. TAURO
                                                         UNITED STATES DISTRICT JUDGE