```
            UNITED STATES DISTRICT COURT
             DISTRICT OF MASSACHUSETTS

DANIEL BAUCICAULT, Jr.,      )
                             )
            Plaintiff,       )
                             )
       v.                    ) C.A. No. 04-12681-JLT
                             )
COMMONWEALTH OF MASSACHUSETTS )
                             )
            Respondent.      )
```

MEMORANDUM AND ORDER

For the reasons stated below: 1) the Petitioner's Application to Proceed Without Prepayment of Fees is Allowed; 2) this action shall be construed as a habeas petition under §2241 and not as a §2255 motion or a §2254 habeas petition; 3) the clerk shall correct the docket to indicate this action as a habeas petition under §2241 and shall redact the Petitioner's prison account statement to delete his social security number; and 4) this action be dismissed *sua sponte*.

BACKGROUND

In June 2001 the Petitioner Daniel Baucicault Jr. pled guilty in state court to assault and battery with a dangerous weapon, and served a one year sentence. On December 16, 2004, Petitioner Baucicault, an immigration detainee at Plymouth County Correctional facility, filed his self-prepared Petition for Writ, under 28 U.S.C. §2255 [sic], challenging his state court conviction on a number of grounds, including ineffective assistance of counsel. He also filed an incomplete Application to Proceed *in forma pauperis.*

This case comes on the heels of a decision issued by Judge Woodlock in C.A. 04-11837-DPW in connection with Baucicault's immigration habeas petition pursuant to 28 U.S.C. §2241 in which the Petitioner sought an Emergency Stay of Removal. On October 29, 2004, Judge Woodlock denied petitioner's motion on the grounds, *inter alia*, that an alien cannot challenge his expired state conviction forming the basis for removal, in a habeas proceeding. (Memorandum of Law in C.A. 04-11837-DPW, page 2).

On January 6, 2005, this Court issued a Memorandum and Order allowing the Petitioner additional time to complete his *in forma pauperis* application or pay the filing fee, and directing that this action be construed as a §2254 habeas petition since Petitioner was challenging his state court conviction. That Memorandum and Order also directed the Petitioner to provide information with respect to his custodial status, so that a final determination could be made whether this petition should be construed as a §2254 petition or as a §2241 petition.

In response, on January 25, 2005, Petitioner submitted a completed Application to proceed *in forma pauperis*, accompanied by his prison account statement, and a Petition for Writ of Habeas Corpus pursuant to §2241, which is treated as an Amended Petition. That petition alleges, *inter alia*, that Petitioner was coerced by his defense counsel into

2

pleading guilty, and that since he was already serving an unrelated sentence, there was incentive to plead guilty in order to get a concurrent sentence.  However, he claims he was innocent of the crime, had defenses which were not pursued by counsel, and that his plea was not knowing and voluntary. (Amended Petition, p. 3-8).

Additionally, on January 3, 2005, Petitioner submitted another §2241 petition 05cv10041-DPW complaining of prolonged detention and seeking injunctive relief to remedy his unlawful detention, pursuant to the Supreme Court's decision in Zadvydas v. Davis, 533 U.S. 678 (2001).  That action has been served and is awaiting a response from the Respondent.

## ANALYSIS

I.   The Court May Screen This Petition

Under Rule 4(b) of the Rules Governing Section 2254 Cases (applicable to other habeas petitions at the discretion of the Court (see Rule 1(b)), the Court is required to examine a petition, and if it "plainly appears from the face of the motion. . . that the movant is not entitled to relief in the district court," the Court "shall make an order for its summary dismissal."  Rule 4(b); McFarland v. Scott, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face).  A petition for a writ of habeas corpus may also be summarily dismissed if it fails to set forth facts that give rise to a cause of action under federal law.  28 U.S.C. §2243; Marmol v. Dubois, 885 F. Supp. 444, 446 (D. Mass. 1994).

II. <u>Baucicault qualifies for *in forma pauperis* status</u>

Petitioner Baucicault submitted an Application to Proceed *in forma pauperis*, accompanied by his prison account balance, demonstrating that he is without sufficient funds to pay the $5.00 filing fee.

Accordingly, his Application to Proceed *in forma pauperis* is Allowed.  It is further Ordered that the clerk shall redact the Petitioner's social security number from the prison account statement submitted by Baucicault.

III. <u>Petitioner's case shall be construed as a habeas petition under §2241 and not §2254</u>

Baucicault originally and erroneously filed this action as a §2255 petition.  However, since he is attempting to challenge his state court conviction, this Court preliminarily deemed this case to be a habeas petition under §2254, but instructed Petitioner to provide information as to his custodial status (i.e., whether he is a prisoner currently serving a sentence, or whether he is being held in custody solely as an immigration detainee).  The Court previously indicated that should the Petitioner be solely in custody as an immigration detainee, this petition case would be treated as a petition for habeas relief pursuant to 28 U.S.C. §2241 and not §2254. Baucicault has since amended his petition to seek habeas relief pursuant to §2241, alleging, *inter alia*, ineffective assistance of counsel.

4

Accordingly, this Court will construe this action as a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, and the clerk should correct the docket accordingly.

> IV. <u>Petitioner cannot use §2241 to challenge an expired state court conviction to attack an Order of Removal</u>

Although Baucicault seeks to challenge his state conviction, presumably in a further attempt to avoid removal, he may not proceed via a §2254 petition, because his state sentence has fully expired. Under 28 U.S.C. §2254, district courts may entertain an application for habeas corpus from a petitioner who is "<u>in custody pursuant to the judgment of a state court</u> only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §2254(a) (emphasis added).  The "in custody" language of §2254 requires that a habeas petitioner be "in custody" under the conviction or sentence under attack <u>at the time petition is filed</u>. <u>Maleng v. Cook</u>, 490 U.S. 488, 490-491 (1989).  This "in custody" requirement is jurisdictional. <u>Id</u>. at 490-91.

A petitioner is <u>not</u> "in custody" for purposes of establishing jurisdiction for federal post-conviction relief when he seeks to challenge a sentence that has fully expired at the time the petition is filed, even if the expired conviction has been used to enhance a sentence imposed under a subsequent conviction.  <u>See</u> <u>Lackawanna County Dist. Attorney. v. Coss</u>, 532 U.S. 394, 403-404 (2001).  "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are

not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." Maleng, 490 U.S. at 492.

This is true even where the prisoner is detained in conjunction with removal proceedings arising from the state conviction[1]. See, e.g., Broomes v. Ashcroft, 358 F.3d 1251, 1254 (10th Cir. 2004), cert. denied, 73 U.S.L.W. 3353 (Dec. 13, 2004); Neyor v. I.N.S., 155 F. Supp. 2d 127, 134 (D.N.J. 2001). The public interest in finality of convictions underlies this doctrine. "...[E]ven after a defendant has served the full measure of his sentence, a State retains a strong interest in preserving the convictions it has obtained." Daniels v. U.S., 532 U.S. 374, 379 (2001).

Thus, to the extent that Petitioner is seeking to challenge his state court conviction, which has expired, this Court lacks jurisdiction over his claims[2]. United States v. Michaud, 901 F.2d 5,

---

[1] There are a few recognized exceptions to this expired state sentence rule. First, where the prior conviction was obtained in violation of the petitioner's right to counsel, and second, where there is no other channel of review available to the petitioner, through no fault of the petitioner. Additionally, where a prisoner is serving consecutive state sentences, he may attack the sentence scheduled to run first, even after it has expired, until all sentences have been served. See Lackawanna County Dist. Attorney, 532 U.S. at 402-405. See also Daniels v. U.S., 532 U.S. 374, 378 (2001). Here, Petitioner's claims do not fall within these categories.

[2] In light of the fact that §2254 habeas relief is not available to the Petitioner based on the expired sentence ground, the Court need not address the issue whether a §2254 habeas petition would be barred by the one year limitations

6

6-7 (1st Cir. 1990) (affirming dismissal); accord Lefkowitz v. Fair, 816 F.2d 17, 19 (1st Cir. 1987) (citation omitted) (sentence that has been fully served does not satisfy the custody requirement of the habeas statute despite the collateral consequences that generally attend a criminal conviction.

Further, an immigration detainee, such as the Petitioner, may not use §2241 as a way to circumvent the requirements of §2254, or as a method to collaterally attack an expired criminal sentence. See Maleng, 490 U.S. at 490-92. (petition under §2241(c)(3) could not be used to challenge expired conviction; habeas petitioner not "in custody" and suffers no present restraint from a conviction; a contrary ruling would permit a petitioner to challenge a conviction at any time).

Moreover, Baucicault cannot use §2241 to challenge an underlying conviction which formed the basis of a removal order, in an effort to stay his removal. Under both the former and current definitions of "conviction" in the INA,[3] the

---

period contained in §2244(d)(1).  Additionally, this Court need not address the exhaustion issues raised in §2254(b)(2).

[3]The First Circuit has held that the new definition of "conviction" in the INA must be retroactively applied.  See, e.g., Griffiths v. INS, 243 F.3d 45, 50 (1st Cir. 2001) (Congress intended for the new definition of conviction to be applied retroactively to apply to convictions entered before the date of IIRIRA's enactment); accord Moosa v. INS, 171 F.3d 994, 1007 (5th Cir. 1999) (same); Montenegro v. Ashcroft, 355 F.3d 1035, 1037 (7th Cir. 2004) (same).  As discussed infra, under both the former definition of conviction and that created by the IIRIRA amendments, the pendency of post-collateral relief does not affect the finality of an alien's criminal conviction.

existence of post-conviction habeas relief does not affect the finality of the conviction forming the basis for an alien's removal. This is not Petitioner's first stab at challenging the validity of his conviction in order to stay the removal order. His prior §2241 petition was dismissed by Judge Woodlock.  See C.A. 04-11837-DPW.   Thus, Petitioner cannot maintain a §2241 habeas petition on the bases he asserts. Moreover, to the extent that he is attempting to re-assert his challenge to the validity of the removal order, this Court has no jurisdiction to review the removal order.  See 8 U.S.C. §1252.

Accordingly, §2241 habeas relief is also not available to the Petitioner to challenge either the underlying state court conviction or the immigration removal order, and this action shall be dismissed.

## CONCLUSION

ACCORDINGLY, based on the foregoing reasons, it is hereby ORDERED:

1. Petitioner's Application to Proceed Without Prepayment of Fees is Allowed;

2. This action shall be construed as a habeas petition under §2241 and not as a §2255 motion or a §2254 habeas petition;

3. The clerk shall a) correct the docket to indicate this action as a habeas petition under §2241 and shall b) redact the Petitioner's prison account statement to delete his social security number; and

4.   This action is hereby Ordered Dismissed.


SO ORDERED.

                                                 /s/ Joseph L. Tauro

DATE: January 31, 2005        JOSEPH L. TAURO
                                       UNITED STATES DISTRICT JUDGE